DECISION.
This is an appeal from an order of the Hamilton County Court of Common Pleas certifying twelve separate class actions pursuant to Civ.R. 23. Because we hold that the certification was improper, we reverse the trial court's judgment and remand the cause for further proceedings.
In 1998 and 1999, twenty separate actions for damages were brought against various lenders. In each action, the plaintiff alleged that the lender had violated R.C. 5301.36, which governs the recording of residential mortgage satisfactions. Specifically, the plaintiffs contended that they had paid the indebtedness secured by their mortgages and that the lenders had failed to record the satisfaction of the mortgages within ninety days, as required by R.C. 5301.36.
Subsequently, the cases were consolidated, and the trial court certified a separate class as to twelve of the lenders. The lenders appealed the judgment certifying the class, and this court dismissed the appeal on the basis that the remaining eight actions had not been certified as class actions or otherwise adjudicated.[3]
The trial court thereafter amended its order certifying the twelve classes to include language that there was no just cause for delaying an appeal under Civ.R. 54(B). In its amended order, the trial court defined the classes as those persons (1) who currently are, or were, mortgagors on any mortgage that was owned, held or serviced by the defendants at the time the debt secured by the mortgage was paid in full; (2) who paid the amounts due in full and are otherwise entitled to a release or satisfaction of the mortgage; and (3) whose mortgage was not released or satisfied of record within ninety days of satisfaction. The representative plaintiffs, and the respective lenders, are listed in full in this court's decision of December 15, 2000.[4]
On appeal, the defendants-appellants argue, in a single assignment of error, that the trial court erred in certifying the cases as class actions. Civ.R. 23 sets forth seven requirements that must be satisfied before a case may be maintained as a class action. Those requirements are as follows: (1) an identifiable class must exist and the definition of the class must be unambiguous: (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be satisfied.[5] In an action for damages, the trial court must specifically find, pursuant to Civ.R. 23(B), that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.[6]
The decision to grant or deny class certification is within the discretion of the trial court, and the court's decision will not be reversed absent an abuse of that discretion.[7] An abuse of discretion means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.[8]
In the case at bar, the appellants assail as unreasonable the trial court's findings, pursuant to Civ.R 23(B),[9] that questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. We find this challenge to have merit.
 The statute under which appellees seek recovery, R.C. 5301.36, provides, in part the following:
 (B) Within ninety days from the date of the satisfaction of a residential mortgage, the mortgagee shall record the fact of the satisfaction in the appropriate county recorder's office and pay any fees required for the recording ***.
 (C) If the mortgagee fails to comply with division (B) of this section, the mortgagor may recover, in a civil action, damages of two hundred fifty dollars. This division does not preclude or affect any other legal remedies that may be available to the mortgagor.
 The appellants argue that the appellees' claims under R.C. 5301.36 are not amenable to proof on a class-wide basis, and we agree. To establish liability under the statute, each appellee must establish his status as a residential mortgagor, the fact and the date of the satisfaction of the indebtedness, and the date that the satisfaction of the mortgage was recorded. The proof of these elements requires a separate evidentiary showing on the part of each appellee.
In holding that common issues predominated over individual issues, the trial court found merely that "[t]he gravamen of every complaint within each class is the same and relates to the violation of O.R.C. 5301.36." This finding of common issues, however, was insufficient to support a finding of predominance and superiority under Civ.R. 23(B). To determine whether common questions of law or fact predominate over individual issues, "it is not sufficient that common questions merely exist; rather, the common questions must represent a significant aspect of the case and they must be able to be resolved for all members of the class in a single adjudication."[10] As the appellants aptly note, there is not a single element in the instant case that can be resolved for all members of a given class in a single adjudication. The proof of a claim on the part of one of the representative parties would simply have no bearing on the entitlement to relief of any other member of the class.
The appellees cite Jenkins v. Fidelity Financial Services of Ohio[11]
for the proposition that class certification was proper in the case at bar. In Jenkins, the court affirmed an order certifying a class in a case brought under R.C. 5301.36. In addressing the predominance and superiority requirements, though, the appellate court stated only, "[I]n that this matter does focus exclusively upon violations of R.C. 5301.36, common issues predominate."[12] Thus, the court rested its finding of predominance solely upon the existence of common issues, an analytical approach explicitly rejected in Schmidt.[13] Because the Jenkins court did not engage in an analysis of the common issues of fact, if any, that could be resolved for all members of the class in a single adjudication, we do not find its holding to be persuasive.
Moreover, Jenkins is factually distinguishable from the case at bar in that Jenkins involved the certification of only one class, whereas the instant case involves twelve classes consolidated into one proceeding.[14] Here, the finding that common issues of fact predominated over individual issues in a case involving twelve separate lenders was simply not reasonable.
The appellees' argument is also not bolstered by their citation ofSutherland v. ITT Residential Capital Corp.[15] Sutherland involved the appeal of a class certification in the context of a proposed settlement of actions brought under R.C. 5103.36. Accordingly, the court did not have occasion to address the Civ.R. 23 requirements as they related to trial of the matter or to address the predominance and superiority issues raised in the case at bar.
We note that the parties have briefed and argued, at length, the issue of whether the phrase "shall record," as used in R.C. 5103.36, obligates the mortgagee to simply present the mortgage satisfaction for recordation within ninety days or to "ensure"[16] that the satisfaction is recorded within that time, with the attendant liability upon failure to do so. We need not decide this issue at present. Even were we to hold, as appellees argue and as the trial court held, that the latter construction is correct, we would nonetheless hold that class certification was improper. Under either construction of the statute, individual issues predominate over common questions of law and fact, thus rendering the action unsuitable for adjudication as a class action.
Finally, we decline to address the appellants' arguments concerning the absence of the other requirements under Civ.R. 23.[17] The failure of the appellees to satisfy any one of the requirements must result in the denial of certification.[18] Having held that the appellees failed to satisfy the predominance and superiority requirements of Civ.R. 23(B), we sustain the appellants' assignment of error. The judgment of the common pleas court is accordingly reversed, and the cause is remanded for further proceedings consistent with law.
Doan, P.J., and Shannon, J., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[3] See In Re Consolidated Mortgage Satisfaction Cases (Dec. 15, 2000), Hamilton App. No. C-000114, unreported.
[4] See id. The parties to this appeal are the same as those in the earlier dismissed appeal.
[5] See Warner v. Waste Mgt., Inc. (1988), 36 Ohio St.3d 91, 96-98,521 N.E.2d 1091, 1095-1097.
[6] Id. at 96, 521 N.E.2d at 1095-1096; Hamilton v. Ohio SavingsBank (1998), 82 Ohio St.3d 67, 79, 694 N.E.2d 442, 453.
[7] Marks v. C.P. Chemical Co., Inc. (1987), 31 Ohio St.3d 200,509 N.E.2d 1249, syllabus.
[8] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.
[9] The appellants also contend that the court failed to make any affirmative findings under Civ.R. 23(B). Though the trial court's judgment entry is not entirely clear in this regard, we assume, for the sake of argument, that the trial court in fact made the findings.
[10] Schmidt v. Avco Corp. (1984), 15 Ohio St.3d 310, 313,473 N.E.2d 822, 825. See, also, Hinkston v. Sunstar Acceptance Corp. (Dec. 29, 2000), Hamilton App. Nos. C-990681 and C-990701, unreported.
[11] (Dec. 2, 1999), Cuyahoga App. No. 75439, unreported, jurisdictional motion overruled (2000), 88 Ohio St.3d 1447,725 N.E.2d 287.
[12] Id.
[13] See Schmidt, supra, at 313, 473 N.E.2d at 825.
[14] See Jenkins, supra.
[15] (1997), 122 Ohio App.3d 526, 702 N.E.2d 436.
[16] This is the term used by the appellees.
[17] Although the appellants filed a joint brief, individual briefs were also filed on behalf of the lenders. The arguments in the individual briefs focus on issues peculiar to the party filing the brief.
[18] See Hinkston, supra.