[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
JLS Realty Management, Inc., filed a complaint against its former tenants Michael and Renea McGhee for damages to an apartment that they had rented from JLS. The McGhees filed a counterclaim against JLS and moved the trial court for certification of a class of former JLS tenants who had been charged for damages and repairs upon lease termination. In a single assignment of error, the McGhees now appeal from the judgment of the trial court denying their motion for class certification.
A trial court has broad discretion in determining whether a class action may be maintained, and that determination will not be disturbed absent an abuse of discretion.[1] While the trial court's determination concerning class certification is subject to appellate review on an abuse-of-discretion standard, due deference must be given to the trial court's decision.[2] An abuse of discretion means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.[3]
Civ.R. 23 sets forth seven requirements that must be satisfied before a case may be maintained as a class action. Those requirements are as follows: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be satisfied.[4] In an action for damages, the trial court must specifically find, pursuant to Civ.R. 23(B), that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.[5]
To determine whether common questions of law or fact predominate over individual issues, "it is not sufficient that common questions merely exist; rather, the common questions must represent a significant aspect of the case and they must be able to be resolved for all members of the class in a single adjudication."[6] In the instant case, the McGhees argue that "the absence of issues of fact will render the class case no more complex than an individual case would be." We disagree. Questions of fact as to individual tenant leases, security deposits, specific security-deposit itemizations, back rent owed, and apartment damage clearly outweigh common questions for the proposed class.
Accordingly, we hold that the trial court did not abuse its discretion in denying the McGhees's motion for class certification, because questions of law or fact common to the potential class members did not predominate over questions affecting individual class members. Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] See Hamilton v. Ohio Sav. Bank (1998), 82 Ohio St.3d 67, 70,694 N.E.2d 442, 447; Marks v. C.P. Chem. Co., Inc. (1987),31 Ohio St.3d 200, 509 N.E.2d 1249, syllabus.
[2] See Marks, supra, at 21; 509 N.E.2d at 1251; Baughman v. State FarmMut. Auto. Ins. Co. (2000), 88 Ohio St.3d 480, 483, 727 N.E.2d 1265,1269.
[3] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.
[4] See Warner v. Waste Mgt., Inc. (1988), 36 Ohio St.3d 91, 96-98;521 N.E.2d 1091, 1095-1097.
[5] Id. at 96, 521 N.E.2d at 1095-1096; Hamilton, supra, at 79,694 N.E.2d 442, 453.
[6] Schmidt v. Avco Corp. (1984), 15 Ohio St.3d 310, 313, 473 N.E.2d 822,825. See, also, In re Consolidated Mortgage Satisfaction Cases (Sept. 14, 2001), Hamilton App. No. C-010137, unreported.