JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Eric Augustus, appeals the judgment of the Cuyahoga County Court of Common Pleas, Civil Division, which denied his motion for class certification. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} The instant matter stems from allegations made by Augustus that the appellees utilized a company-wide policy that required the use of cheap, poor quality "imitation parts"[1] in repairing and/or replacing damaged insured automobiles under the comprehensive or collision coverage.[2] In sum, the appellant's class action complaint alleged that the appellees' use of alleged substandard parts understates the amount necessary to repair the damaged automobile to its pre-loss condition, resulting in a breach of the appellees' contractual obligations.
 {¶ 3} Specifically, the appellant's motion for class certification sought to certify the following class:
 {¶ 4} "All persons in the United States insured by a Progressive Automobile Insurance Policy who, within the past 15 years, made a claim for vehicle repairs pursuant to their policy and had imitation crash parts installed on their automobile or who received monetary compensation determined by the cost of such imitation crash parts."
 {¶ 5} Under the terms of the policy, the appellees uniformly provide that they will pay "the amount necessary to repair the damaged property to its pre-loss condition." Further, in utilizing non-original equipment to restore an automobile to its "pre-loss condition," the policies in question required the parts to be of "like kind and quality" to those replaced parts. The appellant's policy provided the "limit of liability" for loss is "the amount necessary to repair the damaged property to its pre-loss condition, reduced by the applicable deductible * * *." In determining such amount of repair, the "estimate will be based on * * * the cost of repair or replacement parts and equipment which may be new, refurbished, restored, or used, including but not limited to: a) original manufacturer parts or equipment; and b) non-original manufacturer parts or equipment * * *." Accordingly, it would reason that in accepting said policy of insurance, the policy holder expressly authorized the use of non-original equipment manufacturer (non-OEM) parts or equipment in estimating the amount necessary to repair a covered automobile.
 {¶ 6} Nevertheless, the appellant asserts that because of the practice of specifying non-OEM parts or equipment for some covered repairs, policyholders' automobiles were not restored to their pre-loss condition as required by their policies of insurance. Therefore, appellant maintains the appellees are in breach of contract, breach of implied duty of good faith, and are unjustly enriched.
 {¶ 7} In denying the appellant's motion for class certification, the lower court concluded that the instant matter was not maintainable as a class action because the appellant failed to satisfy the requirements under Civ.R. 23(B). First, the questions of law and fact common to the putative class did not predominate over questions affecting only the individual members. Second, the litigation contained many factual variables in determining a potential class member's proper inclusion in the class and the member's right to relief once found to be a member of the class. Third, the difficulties to be encountered in the management of the action as a class action were considered. Fourth, it was not desirable to concentrate in a single forum the litigation of these purported claims from 48 states across the nation. Fifth, a class action would not be sufficiently effective to justify the judicial time and other resources that would be required. Sixth, a class action was not a superior method of adjudication.
 {¶ 8} It is from the judgment denying his motion for class certification that the appellant now appeals, asserting three assignments of error for this court's review:
 {¶ 9} "I. The trial court erred by ruling that common questions of law and fact did not predominate."
 {¶ 10} "II. The trial court erred by ruling that the action is unmanageable as a class action."
 {¶ 11} "III. The trial court erred by ruling that proceeding as a class action is not a superior method of adjudication."
 {¶ 12} Having a common basis in both law and fact, the appellant's three assignments of error will be addressed together.
 {¶ 13} In Baughman v. State Farm Mut. Auto. Ins. Co. (2000),88 Ohio St.3d 480, the Supreme Court of Ohio reaffirmed that the standard of review to be applied for a class action certification case is that of an abuse of discretion. A trial court possesses broad discretion in determining whether a class action may be maintained. That determination will not be disturbed absent a showing that the discretion was abused. Id. An abuse of discretion connotes more than an error of law or judgment. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Beder v. Cleveland Browns, Inc. (1998),129 Ohio App.3d 188. The trial court's decision regarding the certification of a class should not be reversed on appeal because the appellate judges would have decided the issue differently had the initial determination been in their hands. Hamilton v. Ohio Savings Bank (1998),82 Ohio St.3d 67.
 {¶ 14} The class action is an invention of equity. Its purpose is to facilitate adjudication of disputes involving common issues between multiple parties in a single action. Planned Parenthood Assn. ofCincinnati, Inc. v. Project Jericho (1990), 52 Ohio St.3d 56, 62. The plaintiff bears the burden of establishing the right to a class action.Shaver v. Standard Oil Co. (1990), 68 Ohio App.3d 783.
 {¶ 15} Class certification in Ohio is based upon Rule 23 of the Ohio Rules of Civil Procedure, which is identical to Rule 23 of the Federal Rules of Civil Procedure. In Warner v. Waste Management, Inc.
(1988), 36 Ohio St.3d 91, the Ohio Supreme Court set forth seven elements for a class to be certified.
 {¶ 16} In determining whether a class action is properly certified, the first step is to ascertain whether the threshold requirements of Civ.R. 23(A) have been met. Once those requirements are established, the trial court must turn to Civ.R. 23(B) to discern whether the purported class comports with the factors specified therein. Accordingly, before a class may be certified as a class action, a trial court must make seven affirmative findings. Warner, supra,36 Ohio St.3d 91, at paragraph one of the syllabus. Five prerequisites are explicitly set forth in Civ.R. 23, while two prerequisites are implicit in the rule. Id. The two implicit prerequisites are that (1) the class must be identifiable and unambiguously defined and (2) the class representatives must be members of the class. Id. at 96. The four delineated prerequisites in Civ.R. 23(A) include the following: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Id. at 97, quoting Civ.R. 23(A).[3]
 {¶ 17} Finally, the trial court must also find that one of the three Civ.R. 23(B) requirements is met before the class may be certified. Id. at 94. See, also, Hamilton v. Ohio Savings Bank (1998),82 Ohio St.3d 67, 71. If the class movant fails to meet one of these requirements, class certification must be denied.
 {¶ 18} Civ.R. 23(B)(3) requires that the questions of law or fact common to the members of the class predominate over any questions affecting individual members. As stated in Hamilton, "Civ.R. 23(B)(3) provides that an action may be maintained as a class action if, in addition to the prerequisites of subdivision (A), the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair, efficient adjudication of the controversy." 82 Ohio St.3d at 79-80.
 {¶ 19} The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in a particular forum; (d) the difficulties likely encountered in the management of the class action.
 {¶ 20} In order to satisfy the predominance requirement, the appellant must show that the common questions of law and fact represent a significant aspect of the class and are capable of resolution for all members of the class in a single adjudication. Shaver v. Standard OilCo. (1990), 68 Ohio App.3d 783, 799. The mere assertion that common issues of law or fact predominate does not satisfy the express requirements under the rule. As the court stated in Waldo v. NorthAmerican Van Lines:
 {¶ 21} "[It] is not simply a matter of numbering the questions in the case, labeling them as common or diverse, and then counting them * * *. It involves a sophisticated and necessarily judgmental appraisal of the future course of litigation * * *." 102 F.R.D. 807 (W.D.Pa. 1984). Where the circumstances of each proposed class member need to be analyzed to prove the elements of the claim or defense, then individual issues would predominate and class certification would be inappropriate. Schmidtv. Avco Corp. (1984), 15 Ohio St.3d 310, 314.
 {¶ 22} In asserting the instant appeal, the appellant contends that the lower court erred in finding (1) that common questions of law and fact did not predominate; 2) that the action is unmanageable as a class action; and 3) that proceeding as a class action is not a superior method of adjudication. In reviewing the record, we cannot endorse the appellant's contention and find the instant appeal to be without merit.
 {¶ 23} When requesting class certification under Civ.R. 23, the appellant has the burden of showing that the action should be maintained as a class action. The most basic requirement under Civ.R. 23 is that there exist a high degree of commonality among the class members. Gilmorev. General Motors Corp. (Dec. 19, 1974), Cuyahoga App. No. 32726. Where important differences exist among class members with respect to legal and factual issues, the action cannot be maintained as a class action. Id.
 {¶ 24} The appellant contends that common questions of law and fact do indeed predominate over the numerous individual questions in the instant matter. "Common questions of law and fact must represent a significant aspect of the class and be capable of resolution for all members of the class in a single adjudication." Cope v. Metro. Life Ins.Co. (1998), 82 Ohio St.3d 426, 429-430.
 {¶ 25} The appellant initially asserts that a predominant question of fact common to all class members is whether the appellees' insurance policies uniformly and systematically specify imitation parts in repair estimates. He proffers that the appellees decreed that imitation or non-OEM parts be specified on vehicles that are not under current model year or have more than 12,000 miles. Glaringly, the appellant fails to address the specific policy language which authorized the use of non-OEM parts. Under the terms of the policy, the appellees uniformly provide that they will pay "the amount necessary to repair the damaged property to its pre-loss condition." In utilizing non-original equipment to restore an automobile to its "pre-loss condition," the policies in question required the parts to be of "like kind and quality" to those replaced parts. The appellant's policy provided the "Limit of Liability" for loss is "the amount necessary to repair the damaged property to its pre-loss condition, reduced by the applicable deductible * * *." In determining such amount of repair, the "estimate will be based on * * * the cost of repair or replacement parts and equipment which may be new, refurbished, restored, or used, including but not limited to: a) original manufacturer parts or equipment and b) non-original manufacturer parts or equipment * * *." As such, there does not exist a common question since the policy specifically allowed for the use of imitation or non-OEM parts. The fact that the appellees utilized imitation or non-OEM parts is without question and not in dispute. Rather, the more relevant inquiry is whether each vehicle was restored to its "pre-loss condition" when a limited number of non-OEM parts were utilized in making covered repairs. In following this line of inquiry, it would only reason that the determination of "pre-loss condition" could only be made by individually examining each and every putative class member's vehicle. Since each and every accident varies, and each and every accident would require different types of repairs, it would be inconceivable to conclude that aquestion of fact common to the class predominates.
 {¶ 26} The parties concede that, in repairing each automobile, some non-OEM parts might be used per the policy language, that some refurbished parts might be used, or some factory original parts might be used. Therefore, it would be necessary to determine what parts were utilized on each and every vehicle and then determine whether, in utilizing the non-OEM parts, the vehicle was restored to its "pre-loss condition." Clearly, by its very nature, these determinations would be highly individualized, as the lower court concluded.
 {¶ 27} Moreover, it would be inconceivable to reason that an automobile is not returned to its "pre-loss condition" because a non-OEM part is utilized in making a repair. Under the appellant's theory, by simply installing a non-OEM part, an automobile is per se not returned to its "pre-loss condition." This theory fails to take into account the nature of the accident, the extent of the repairs, and the numerous parts that might be utilized in repairing a vehicle. Arguably, in repairing an automobile, the estimate may include new, used, refurbished, and non-OEM parts, each necessary to repair the automobile. Therefore, if we were to follow the appellant's reasoning, each vehicle would never be restored to "pre-loss condition." We cannot endorse this contention.
 {¶ 28} Clearly, the case at hand presents far too many individual questions of fact which outweigh the minimal common questions of fact. The numerous individual questions involved would make it virtually impossible to properly evaluate the facts and apply the law in the instant matter. Accordingly, we hereby affirm the judgment of the trial court in denying the appellant's motion for class certification.
 {¶ 29} Since we have concluded that the individual questions of fact outweigh the common questions of fact, it is not necessary for this court to address the remaining points of contention posited by the appellant, per Civ.R. 23.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., CONCURS.
COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY.
[1] The appellant defined "imitation part" as a non-factory authorized part and/or a non-original equipment manufacturer (OEM) part which is installed on an insured's vehicle or used as the basis for determining monetary compensation paid to the insured.
[2] The appellant sued the parent holding company, Progressive, and two of its 34 auto insurance subsidiaries: Progressive Northern Insurance Company, which wrote the insurance policy on which the appellant, a Kentucky resident, is suing in this case, and Progressive Casualty Insurance Company. Progressive has 32 other subsidiaries that wrote insurance policies which would arguably cover most members of the appellant's alleged putative class.
[3] The trial court held that "the prerequisites to a class action set forth in Civil Rule 23(A) are met by the plaintiff and his proposed class definition and the claims sought to be litigated thereby." Accordingly, the appellant's argument is limited to the requirements under Civil Rule 23(B).