**Glenn KUPER, et al., Plaintiffs,**

v.

**QUANTUM CHEMICAL CORPORATION, et al., Defendants.**

**No. C–1–91–918.**

United States District Court, S.D. Ohio.

Nov. 3, 1992.

admissible. But that is an issue that need not be decided now.

Robert Matusoff, Dayton, Ohio, for plaintiffs.

James Adams, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court following a September 11, 1992 hearing (*see* Doc. 32) on Plaintiffs' motion for class certification (Doc. 9), to which Defendants have filed a memorandum in opposition (Doc. 18), and Plaintiffs have replied. (Doc. 26).

*Procedural History/The Parties' Claims*

On December 27, 1991, Plaintiffs filed a complaint on behalf of themselves and others similarly situated, seeking recovery under the Employee Retirement Income Securities Act ("ERISA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and various federal securities laws and state law principles. Plaintiffs, who are former salaried employees of Defendant Quantum Chemical Corporation's ("Quantum") Emery Division, allege that certain collective acts of Defendants adversely affected Plaintiffs' interests in Quantum's employee stock ownership plan ("ESOP"). (Doc. 1).

On May 7, 1992, Plaintiffs filed a motion seeking certification of a plaintiffs' class consisting of all Quantum salaried employees who participated in a Quantum stock ownership plan between December 28, 1988 and November 1, 1990. (Doc. 9). On August 27, 1992, the Court issued an order granting Defendants' motion for judgment on the pleadings as to all claims except Plaintiffs' ERISA claim. (Doc. 30).

Defendants have set forth the following objections to the requested class certification that are germane to the remaining ERISA claim: 1) that proposed class counsel should be disqualified based upon an alleged conflict of interest; 2) that the named Plaintiffs cannot fairly and adequately represent the interests of *current* Quantum employees; and 3) that Plaintiffs' claims as former employees are not typical of the claims of the proposed class. (Doc. 18). Plaintiffs counter: 1) that counsel's alleged conflict of interest is illusory; 2) that Defendants have failed to sustain their burden of demonstrating that Plaintiffs cannot adequately represent the interests of all class members; and 3) that Plaintiffs' claims are typical of, not antagonistic to, those of other class members. (Doc. 26).

## OPINION

Rule 23 of the Federal Rules of Civil Procedure imposes specific obligations upon a district court where class action status is sought. The Court must determine "[a]s soon as practicable ... whether [the action] is to be so maintained." Fed. R.Civ.P. 23(c)(1). *See also Senter v. General Motors*, 532 F.2d 511 (6th Cir.1976), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1977).

Rule 23(a) permits a member of a class to sue as a representative party of: [1] a class so numerous that joinder of all members is impractical (Fed.R.Civ.P. 23(a)(1)) [Numerosity]; [2] with common questions of law or fact (Fed.R.Civ.P. 23(a)(2)) [Commonality]; [3] where the claims of the representatives are typical of the claims of the class (Fed. R.Civ.P. 23(a)(3)) [Typicality]; and [4] where such representatives will fairly and adequately protect the interests of the class (Fed.R.Civ.P. 23(a)(4)) [Fair Representation].

If the foregoing are satisfied, one of the fact situations described in Rule 23(b) also must exist. That requirement is satisfied when "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available means for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).

Although Defendants offer several bases for objecting to class certification in this matter, their memorandum and their arguments at the class certification hearing in-

dicate that they rely most heavily upon their contention that Plaintiffs' proposed class counsel cannot fairly and adequately represent the interests of the proposed class. As the Court agrees that such issue constitutes the most significant challenge to the requested certification, we begin our analysis with Rule 23(a)(4)'s fair and adequate representation prong.

*Fair and Adequate Representation*

Determining whether representative parties will adequately represent those on whose behalf they are suing involves consideration of two separate issues: "first, the adequacy of the representative, and second, the adequacy of his counsel." 3B Moore's Federal Practice ¶ 23.07[1] (2d ed. 1991).

### A. *Adequacy of Counsel*

Regarding the latter issue, "it has become routine to inquire into the competence, experience and vigor of the representative's counsel," with disqualifying inadequacy often based upon "a prospective determination that a conflict of interest is present." *Id.* at ¶ 23.07[1.–1]. *See also Senter v. General Motors Corp.*, 532 F.2d 511, 524–25 (6th Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976) ("[I]t must appear that the representatives will vigorously prosecute the interests of the class *through qualified counsel*." [emphasis added]). Indeed, unless the plaintiff has a conflict with the class, "courts look primarily to class counsel, not to the plaintiff, to determine if there will be vigorous prosecution of the class action." 1 Newburg on Class Actions § 3.25 (2d ed. 1985).

Although Defendants do not contest Plaintiffs' counsel's qualifications to conduct class action litigation generally, they do question the propriety of such counsel representing the class of Plaintiffs in this particular matter. Specifically, they direct the Court's attention to *Geren v. Quantum Chemical Corp.*, an action pending in the Southern District of New York. (*See* Doc. 18, Ex. A). In that New York action, the law firm representing Plaintiffs herein also appears on behalf of a putative class consisting of "all owners of the subordinated debt securities of Quantum Chemical Corporation," seeking damages from Quantum and many of the other Defendants named herein. (*Id.*).

Defendants argue that such simultaneous representation creates a conflict of interest, in that: 1) the bondholders in the New York action seek the return of a stock dividend paid to stockholders including Plaintiffs herein, and 2) the bondholders in the New York action seek recovery from the same finite pool of assets available to satisfy any judgment obtained by Plaintiffs herein. They therefore argue that Plaintiffs' counsel should be disqualified from representing the interests of the Plaintiffs' class in this action.

Upon reviewing the complaint in *Geren*, this Court cannot agree with Defendants' assessment of the recovery sought therein. Although the New York action is premised upon the transfer of Quantum assets to shareholders (presumably including at least some members of the class sought herein) through an allegedly fraudulent dividend payment (*see* Doc. 18, Ex. A, ¶ 95), the prayer for relief in that complaint enumerates compensatory damages, interest, fees, costs and other unspecified relief, rather than the return of dividends distributed to shareholders such as the Plaintiffs in this action. (*See* Doc. 18, Ex. A, pp. 33–34). The complaint's isolated reference to the return of such assets notwithstanding (*see* Doc. 18, Ex. A, ¶ 95), these Plaintiff class members are not defendants in the New York action, and any dividends they received are not identified among the relief sought therein. We therefore cannot conclude that Plaintiffs' counsel in the New York action represents interests directly in conflict with those of the Plaintiffs' class herein.[1]

---

**1.** Should Plaintiffs in the New York action subsequently manifest an intent to seek repayment from Quantum shareholders of the subject dividend payment, this Court would find that pursuing such remedy presented a direct conflict of interest that should preclude Plaintiffs' counsel from further representing the class of shareholders herein. Given our disposition, *infra*, of

■ Nevertheless, the finding that no direct conflict currently exists is not dispositive of whether Plaintiffs' counsel is qualified to represent the class requested herein. As Defendants note, regardless of whether the New York plaintiffs seek any recovery directly from the Plaintiff class members herein, both Plaintiff classes clearly seek recovery from a common pool of assets. In *Jackshaw Pontiac v. Cleveland Press Publishing Co.*, 102 F.R.D. 183 (N.D.Ohio 1984), counsel for the proposed class likewise represented other plaintiffs in an action against the same defendants in a different court. Finding it "not inconceivable that the amount sought by [the other] plaintiffs and the proposed classes [in *Jackshaw*] will exceed the total assets" of the defendants in those actions, the court in *Jackshaw* declined to find the requirements of Fed.R.Civ.P. 23(a)(4) satisfied. *Id.* at 192–93. *Accord Sullivan v. Chase Investment Services of Boston, Inc.*, 79 F.R.D. 246, 258 (N.D.Calif.1978).

Plaintiffs counter that class certification should not be denied based upon a potential conflict that may never materialize. They argue that because neither action has been reduced to judgment, and because the extent of Defendants' assets remains speculative, disqualification of counsel would be premature and unwarranted.

Again, the Court cannot concur. In both the instant action and the New York action, Plaintiffs allege that the dividend payment at issue "substantially denude[d] Quantum of its liquid assets and net worth." (Doc. 1, ¶ 53; Doc. 18, Ex. A, ¶ 33). In both actions, Plaintiffs also allege that their respective interests in Quantum are jeopardized by the resulting decline in Quantum's value. (Doc. 1; Doc. 18, Ex. A). If we are to accept as true Plaintiffs' counsel's own certification to that effect, *see* Fed.R.Civ.P. 11, we must conclude that it is "not inconceivable that the amount sought by [the *Geren*] plaintiffs and the proposed [class] here will exceed the total assets" of Defendant Quantum as well as those individual defendants named in both actions. *See*

*Jackshaw*, 102 F.R.D. at 192. This Court agrees with the *Jackshaw* court's implicit conclusion that such competing claims may impair counsel's ability to vigorously pursue the interests of both classes.

Although few reported cases appear to address the propriety of simultaneously representing potentially competing classes, numerous decisions have held that an attorney cannot act as both a class representative and counsel to the class. *See, e.g.*, The rationale for those holdings—that class counsel should not be subject to divided loyalties—applies equally to the competing interests of separate classes vying for relief from the same limited source. In light of Plaintiffs' counsel's commitment to zealously represent classes vying for relief from the same limited source. In light of Plaintiffs' counsel's obligation to zealously represent other class interests with a very real possibility of impairing this class' ability to recover, this Court concludes that Plaintiffs have failed to demonstrate that they "will vigorously prosecute the interests of the requested class through qualified counsel." *See Senter*, 532 F.2d at 524–25. Accordingly, Plaintiffs' motion for class certification should be denied.

### B. *Adequacy of Class Representative*

■ The foregoing conclusion obviates the need for the Court to address Defendants' other challenges to class certification. Nevertheless, the Court observes that the interests of the named class representatives, all of whom are former Quantum employees terminated upon sale of the Emery division, do not appear to be coextensive with the interests of those purported class members who thereafter remained in Quantum's employ. As Defendants note, class members who continue to be employed by Quantum and continue to participate in Quantum's ESOP have a vested interest in that corporation's continued existence and viability. As former employees, however, the designated class representatives no long share the same personal interest in preserving Quantum as a going

---

Defendants' other "fair and adequate representation" objections, however, the prospect of such a

future direct conflict does not warrant further discussion.

**84**

concern. Where the named plaintiffs' interests could include dissolving the corporation that provides other class members' livelihood, the adequacy of such representatives may be undermined. *See Aamco Automatic Transmissions, Inc. v. Tayloe,* 67 F.R.D. 440 (E.D.Pa.1975).

"Adequate representation" and "typicality" considerations overlap greatly in this context. *See* 1 Newburg on Class Actions (2d ed. 1985) 3.35. While the Court here makes no specific finding regarding those issues, we note that in the circumstances of this action, the class representatives' former employee status may lend further support to the conclusion that certification of the requested class is not appropriate.

IT THEREFORE IS ORDERED that Plaintiffs' motion for class certification (Doc. 9) hereby is DENIED.

IT IS SO ORDERED.