**BURNS et al., Appellees,**

**v.**

**PRUDENTIAL SECURITIES, INC. et al., Appellants.**

[Cite as *Burns v. Prudential Securities, Inc.* (2001), 145 Ohio App.3d 424.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9-01-16.

Decided Aug. 24, 2001.

*Donald J. Tribbett* and *Scott L. Starr; David P. Meyer* and *Thomas A. Hargett,* for appellees.

*Robert N. Rapp* and *Brian M. Eisenberg;* and *Samuel A. Keesal, Jr., Terry Ross* and *Stacey Garrett, pro hac vice,* for appellants.

THOMAS F. BRYANT, Judge.

Defendants-appellants Prudential Securities, Inc. and Jeffrey Pickett ("Prudential") bring this appeal from the judgment of the Court of Common Pleas of Marion County certifying a class for a class action suit pursuant to Civ.R. 23.

In October 1998, Prudential sold the securities of several clients without the consent of those clients. This was done because the agent believed that the market would suffer a loss and that the clients would lose too much money. Instead, the market began to rise and the clients were not able to capitalize on this rise. After the sale, the clients were notified of the sale and several called

with questions as to why the securities were sold. To avoid the numerous questions, Prudential held a seminar for the approximately two hundred fifty clients affected by the sale. A complaint for a class action was filed on September 10, 1999, by Dale Burns, Gary Halpin, and Kay Hutchins ("the clients") on behalf of themselves and the other affected clients.

Prior to the filing of the class action suit, Prudential had entered settlements with ten of the affected clients. Once the class action suit was filed on behalf of the potential class representatives, Prudential refused to provide the names of the other potential class members. Prudential continued to contact those people and attempt to reach a settlement with them. At the same time, Prudential removed the case to federal court. On May 7, 2000, the United States District Court for the Northern District of Ohio ordered the case remanded to state court on the grounds that there was no federal question. Subsequent to remand, the potential class representatives filed a motion for class certification on October 4, 2000. A hearing on the motion was set for December 1, 2000; however, the hearing was not held until February 2, 2001. On February 5, 2001, the trial court granted the motion to certify the class action. On March 14, 2001, after written arguments from Prudential and Burns, the trial court certified the potential class members. It is from these judgments that Prudential appeals.

Prudential assigns the following as error:

"The trial court abused its discretion in including the settled customers in the definition of the class because Prudential's communications with its customers prior to class certification were proper and resulted in valid settlements that those customers are entitled to keep.

"The trial court abused its discretion in including the settled customers in the definition of the class because the settled customers have released their claims and therefore are not appropriate class members.

"The trial court abused its discretion in including the settled customers in the class because the class representatives' claims are not 'typical' of the settled customers' claims.

"The trial court abused its discretion in certifying the class because individualized, fact-specific issues predominate in this case, and therefore the trial court committed reversible error when it found this case met the requirements of Civ.R. 23(B)(3).

"The trial court abused its discretion in finding that the class action is superior to all other available methods for resolving plaintiff's claims."

In reviewing the propriety of a class certification, the trial court's decision will not be reversed absent a showing of abuse of discretion. *Baughman*

*v. State Farm Mut. Auto. Ins. Co.* (2000), 88 Ohio St.3d 480, 727 N.E.2d 1265. An abuse of discretion is more than a minor error in law or in judgment, implying instead that the judgment of the court was unreasonable, unconscionable, or arbitrary. *Shaver v. Std. Oil Co.* (1993), 89 Ohio App.3d 52, 623 N.E.2d 602.

In the first three assignments of error, Prudential argues that the trial court erred by including in the class membership the clients who had settled their claims after the class action suit was filed. The first assignment of error claims that those clients who settled should be entitled to keep their settlements. Prudential argues that since these clients have already settled their claims, they cannot be a part of the class. However, the unilateral communication by Prudential with these clients occurred after the filing of the class action suit.

"When confronted with claims pressed by a plaintiff class, it is obviously in defendant's interest to diminish the size of the class and thus the range of potential liability by soliciting exclusion requests. Such conduct reduces the effectiveness of the 23(b)(3) class action for no reason except to undermine the purposes of the rule.

"A unilateral communications scheme, moreover, is rife with potential for coercion. '[I]f the class and the class opponent are involved in an ongoing business relationship, communications from the class opponent to the class may be coercive.'

"* * *

"Unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts, without opportunity for rebuttal. The damage from misstatements could well be irreparable.

"Concomitantly, a solicitations scheme relegates the essential supervision of the court to the status of an 'afterthought.' * * * The [defendant's] subterfuge and subversion constituted an intolerable affront to the authority of the district court to police class member contacts." *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 76–77, 694 N.E.2d 442, 451, citing *Kleiner v. First Natl. Bank of Atlanta* (C.A.11, 1985), 751 F.2d 1193.

In this case, the trial court reviewed the evidence, including the affidavit of one of the clients contacted by Prudential. Based upon the evidence, the trial court concluded that those clients who reached a settlement after the commencement of the class action should not be excluded from the class. The trial court was concerned that Prudential had more than two years to contact and influence potential class members while refusing to provide the names and addresses of those individuals to Burns. Specifically, the trial court was concerned that each class member be fully advised as to his/her rights and options. To accomplish

this objective, the trial court included those clients in the class, thus protecting their rights, but still permitting them to opt out of the class if they should desire to preserve the settlement reached. Since the trial court's decision does not prevent the clients who have reached settlements with Prudential from retaining the benefit of that settlement should they choose to do so, the first assignment of error is overruled.

■ Prudential argues in the second assignment of error that the settled claims cannot be part of the class action because those clients have already released their claims. However, the Ohio Supreme Court in *Hamilton* permitted potential class action members who had settled their claims based upon unilateral communication to be restored to the class and informed of their rights. *Hamilton* at 12, 694 N.E.2d at 452. Thus, the trial court, if it should later determine that the settlements were not based upon fully informed consent, may permit the clients to withdraw from the settlement agreements and join the class action suit. There is evidence in the record that would support this conclusion by the trial court. Thus, the second assignment of error is overruled.

The third argument that Prudential makes to exclude those clients that had reached a settlement was that their circumstances were not typical of the other class members.

■ "Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective or varying fact patterns which underlie individual claims." *Baughman* at 485, 727 N.E.2d at 1271.

■ In this case, all of the claims, including those which were settled, were based upon the sale of securities by Prudential's agent without the authority to do so. Thus, all of the claims are based upon the same legal theory, although Prudential may have valid defenses against those clients that choose to retain the benefit of the settlement. Those parties that had reached a settlement, but choose to opt into the class, are rejecting the settlement and any benefit received by it. They will be placed in the same position as if the settlement had never occurred. Thus, their claims will once again be typical of the named plaintiffs.

Since the same conduct created all of the claims, the claims of the named plaintiffs are typical of all of the class members and the third assignment of error is overruled.

Prudential claims in the fourth assignment of error that the trial court erred by certifying the class, since all of the claims are individual and fact-specific. Civ.R. 23(B) provides:

"An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:

"* * *

"(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action."

In this case, the dominant issue is whether Prudential is liable for selling the securities of its clients without prior authorization. The determination of this question is based upon the form agreements that the class members signed, which did not provide authorization for the sale and the actions of Prudential's agents. Although the defenses of ratification, waiver, and estoppel may apply in some of the cases, the general issue of proof of liability is common to all of the claims. "[A]s long as there is a sufficient nucleus of common issues, differences in the application of a [defense] to individual class members will not preclude certification under Rule 23(b)(3)." *Hamilton* at 84, 694 N.E.2d at 457.

"[A]rguably it is true that as a class action more time *in toto* will be spent in proof of individual damage claims in any of the class actions than will be spent in proof of [the common claim]. * * * [However,] if there were to be but a single case for trial, the court would expect that the great bulk of the time of that trial would be consumed with proof or the attempted proof of the existence and effect of [the common claim] and damage issues would be far less predominant in the sense of time consumed at the trial. Were there to be 500 separate suits, this same pattern undoubtedly would prevail as to each. It seems specious and begging the question to say that if these 500 law suits were brought into a class so that proof on the issues of [the common claim] need be adduced only once and the result then becomes binding on all 500, * * * thereby the common issue

* * * no longer predominates because from a total time standpoint, cumulatively individual damage proof will take longer." *Id.* at 85–86, 694 N.E.2d at 457–458, citing *Minnesota v. U.S. Steel Corp.* (D.Minn.1968), 44 F.R.D. 559, 569.

Here, there is no question that a great deal of time will be spent determining the amount of liability, if any, for each client. However, the common issue is whether Prudential is liable to any of the clients for its actions. Additionally, the defenses raised by Prudential are based upon the same information sent to all of the clients. This information includes the seminar held, the monthly statements, and the confirmation slips. The trial court determined that in this case, there existed common questions of law and fact arising from identical form contracts, the identical action of Prudential's agent, the same methods of communication with the clients, and an identical basis for the alleged affirmative defenses. Since there is evidence to support the trial court's findings, the fourth assignment of error is overruled.

■ In the final assignment of error, Prudential claims that a class action suit is not the best method for proceeding with the suits. Civ.R. 23(B)(3) requires that the trial court find that a class action is superior to other available methods for the fair and efficient adjudication of the controversy before it certifies a class action. In this case, the only two methods available are a class action lawsuit or individual binding arbitration.[1] The trial court reviewed the two methods of resolution and determined that the individual treatment of more than two hundred fifty cases may result in inconsistent results. The trial court also determined that a class action suit would be the best method of guaranteeing that every class member is fully informed as to all rights and options and is represented by competent legal counsel. Thus, the trial court determined that a class action suit is the superior method of resolution. This decision is not unreasonable, arbitrary, or unconscionable. The fifth assignment of error is overruled.

The judgment of the Court of Common Pleas of Marion County is affirmed.

*Judgment affirmed.*

WALTERS, P.J., and SHAW, J., concur.

---

1. The individual contracts require binding arbitration and preclude the filing of individual claims in a trial court.