{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. This is the second appeal arising from the underlying cause of action. See Helman v. EPL Prolong,Inc. (2000), 139 Ohio App.3d 231, 743 N.E.2d 484. Here, Plaintiffs-Appellants appeal the decision of the Columbiana County Court of Common Pleas which denied them the class certification they sought against Defendants-Appellees. We are asked to decide whether the trial court abused its discretion when denying Appellants' motion for class certification. In making this decision, we must decide whether the trial court improperly relied upon the law of the case doctrine and whether it abused its discretion in applying the factors found in Civ.R. 23. We conclude that although reliance on the law of the case doctrine would have been wrong, the trial court did not rely on that doctrine. However, because we conclude the trial court incorrectly determined that individual issues predominate over issues common to the class and that denying class certification at this time is an abuse of discretion, we reverse the trial court's decision and remand this case for further proceedings.
 {¶ 2} Appellants originally filed their complaint in 1997. Subsequently, they amended their complaint twice. The claims in the second amended complaint, operative at the time of this appeal, arose out of the Appellants' purchase of corporate stock subscriptions in Prolong Industries, Inc., during the years 1985-1987. That complaint alleged five causes of action: 1) breach of contract; 2) fraudulent conveyance; 3) breach of fiduciary duties; 4) breach of a novation; and, 5) fraud in the inducement. Upon a Civ.R. 12(B)(6) motion to dismiss, the trial court dismissed counts one, two and three of the complaint as time-barred by the statute of limitations, but allowed Appellants' claim of fraud in the inducement to proceed.
 {¶ 3} Subsequently, Appellants moved for class certification pursuant to Civ.R. 7(B), Civ.R. 23(A), and Civ.R. 23(B). The trial court denied that motion, finding "many issues raised are unsupported by evidence, affidavit, or discovery", and, thus, Appellants had failed to meet their burden of proof pursuant to Civil Rule 23. Concurrent with the class certification motion, Appellants filed another motion to amend their complaint which the trial court denied. Appellants timely filed a notice of appeal of that judgment. Shortly thereafter, the trial court granted a motion by Appellees which dismissed all but seven plaintiffs from the case. Appellants also filed a notice of appeal of that judgment. On appeal, Appellants did not raise the denial of class certification on the fourth and fifth causes of action.
 {¶ 4} In Helman I, this court initially noted Appellants failed to argue the trial court erred when it dismissed some of the named plaintiffs and abandoned any error in that decision as they failed to raise it in any assignment of error. Helman, supra at 239-240. This court then concluded the trial court erred in dismissing Appellants' claims of breach of contract, fraudulent conveyance and breach of fiduciary duty as time barred by the statute of limitations.
 {¶ 5} This court first concluded the doctrine of equitable estoppel may have tolled the statute of limitations for breach of contract. "It is for the trier of fact to determine whether the assurances made to appellants by the Sloans reasonably induced appellants to delay the filing of their claims until after the statute of limitations had run. Thus, dismissal on a statute of limitations basis was premature until these claims could be fully addressed, below." Id. at 247. It also concluded that because determining whether the allegedly fraudulent transfers took place within the discovery period provided for in R.C. 1336.09(A) was a material question of fact, dismissal based on the expiration of the statute of limitations was improper. Id. at 248. Finally, this court concluded even though some of the alleged acts fell outside the statute of limitations, others which could constitute breach of fiduciary duty were not barred by the statute of limitations. Id. at 249.
 {¶ 6} After this case was remanded to the trial court, Appellants filed another motion for class certification. The trial court denied that motion. The court initially noted its prior decision denying the class certification was not a subject of the previous appeal. It then found as follows:
 {¶ 7} "According to the decision of the Seventh District Court of appeals rendered in this case, a major issue will be the applicability of the security statute of limitations set forth in Ohio Revised Code 1707.43. There remains for adjudication the applicability of the doctrine of equitable estoppel with regard to individual plaintiffs. The doctrine may be employed by them to prohibit the inequitable use of a statute of limitations. As the Court of Appeals Opinion makes clear, the applicability of the doctrine is generally an issue to be determined by the trier of fact. Individual plaintiffs would be required to prove four separate elements for the doctrine to apply. One of the elements that the plaintiffs must prove is actual reliance which is reasonable and in good faith. It seems to this Court, that particular element is very much an individualized matter which predominates over questions that would be common to a class."
 {¶ 8} It is from this judgment the instant appeal arises. In their first assignment of error, Appellants assert:
 {¶ 9} "The trial court erred to the prejudice of Appellants by denying their motion for class certification on the basis of a previous denial of a motion for class certification regarding different claims."
 {¶ 10} Civ.R. 23 provides for the possibility of class actions in Ohio courts. In order for a case to be certified as a class action, the trial court must make seven affirmative findings as to the requirements of Civ.R. 23. Warner v. Waste Mgt., Inc. (1988), 36 Ohio St.3d 91,521 N.E.2d 1091, paragraph one of the syllabus. A trial court must carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied. Hamilton v. Ohio Sav. Bank (1998), 82 Ohio St.3d 67, 70,694 N.E.2d 442. When appropriate, a trial court may allow a class action to be maintained for particular issues while leaving other issues out of the purview of the class action. Civ.R. 23(C)(4)(a).
 {¶ 11} A trial court which routinely handles case-management problems is in the best position to analyze the difficulties which can arise during class action litigation. Marks v. C.P. Chem. Co. (1987),31 Ohio St.3d 200, 201, 31 OBR 398, 509 N.E.2d 1249. Accordingly, a trial court has broad discretion in determining whether to certify a case as a class action and its decision will not be reversed absent an abuse of that discretion. Baughman v. State Farm Mut. Auto. Ins. Co. (2000),88 Ohio St.3d 480, 483, 727 N.E.2d 1265. The term "abuse of discretion" connotes more than an error of law or judgment; it implies the trial court's attitude is unreasonable, arbitrary, or unconscionable. Ojalvov. Bd. of Trustees of Ohio State Univ. (1984), 12 Ohio St.3d 230, 232, 12 OBR 313, 466 N.E.2d 875. In cases where the trial court has refused to certify a class, a finding that the trial court abused its discretion should be made cautiously. Marks at 201.
 {¶ 12} Appellants argue the trial courted erred by relying on the "law of the case" doctrine. The law of the case doctrine provides the decision of a reviewing court remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, 11
OBR 1, 462 N.E.2d 410. For instance, it precludes a litigant from attempting to rely on new arguments on remand that could have been pursued in the first appeal. Pipe Fitters Union Local No. 392 v. KokosingConstr. Co., Inc. (1998), 81 Ohio St.3d 214, 218, 690 N.E.2d 515. "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." (Citations omitted) Nolan at 3.
 {¶ 13} Appellants contend the trial court incorrectly relied upon the law of the case doctrine because their second motion for class certification was based upon different claims and dealt with different issues than those in their first motion. Appellants would be correct had the trial court relied upon that doctrine when ruling on their second motion for class certification. As stated above, a trial court may certify a class on particular issues while denying that certification on other issues. Civ.R. 23(C)(4)(a). Accordingly, the trial court could not deny the motion for class certification on these claims simply because it had previously denied class certification on other, different claims.
 {¶ 14} The fatal flaw in Appellants' argument is that the trial court did not rely on the law of the case doctrine when making its second class certification determination. The trial court's reference to its previous denial of class certification merely illustrated its understanding that Appellants' motion was limited to requesting class certification on the first three causes of action. In making the determination presently on appeal, the trial court made clear it was determining whether the first three causes of actions met the requirement of Civ.R. 23(B)(3) independent of its previous denial of class certification. Because the trial court did not rely on the "law of the case" doctrine when determining whether to grant class certification on the first three causes of action, it did not abuse its discretion by doing so. Appellants' first assignment of error is meritless.
 {¶ 15} In their second assignment of error Appellants assert:
 {¶ 16} "The trial court erred to the prejudice of Appellants by denying their motion for class certification on the basis that individual claims predominate over claims common to those of the class."
 {¶ 17} As stated above, in order for a case to be certified as a class action, the trial court must make seven affirmative findings as to the requirements of Civ.R. 23. Warner. Five of those affirmative findings are specifically set forth in the rule while the remaining two are implicit. Id. The two implicit requirements are: 1) an identifiable class must exist and the definition of the class must be unambiguous and 2) the named representatives must be members of the class. Id. at 96. The rule explicitly states: 1) the class must be so numerous that joinder of all the members is impracticable; 2) there must be questions of law or fact common to the class; 3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; and, 4) the representative parties must fairly and adequately protect the interests of the class. Id. at 97. These four requirements may be referred to as "numerosity," "commonality," "typicality," and "adequacy of representation," respectively. Pyles v. Johnson (2001),143 Ohio App.3d 720, 730, 758 N.E.2d 1182. The last explicit requirement in the rule is that one of the three Civ.R. 23(B) requirements must be met. Warner at 94.
 {¶ 18} In this case, both parties agree that neither Civ.R. 23(B)(1) nor (2) form a basis for certifying Appellants as a class in this case. Accordingly, the only portion of Civ.R. 23(B) which could apply to this case is Civ.R. 23(B)(3). Pursuant to Civ.R. 23(B)(3), an action may be maintained as a class action if, in addition to the prerequisites of subdivision (A),
 {¶ 19} "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action." Id.
 {¶ 20} Trial courts must conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied. Hamilton at 70. Any doubts a trial court may have as to whether the elements of class certification have been met should be resolved in favor of upholding the class, subject to the trial court's authority to amend or adjust its certification order as developing circumstances demand, including the augmentation or substitution of representative parties. Carder Buick-OldsCo., Inc. v. Reynolds Reynolds, Inc., 2nd Dist. No. 19114, 2002-Ohio-2912, citing Baughman at 487. Although a trial court is not required to hold an evidentiary hearing in all class certification determinations, it is rare that the pleadings in a class certification action will be so clear that a trial judge may find, by a preponderance of the evidence, whether certification is or is not proper. Warner at 98-99, footnote 9. The Ohio Supreme Court has suggested, but not required, that trial courts determining the propriety of class certification under Civ.R. 23 make separate written findings as to each of the seven class action requirements, and specify their reasoning as to each finding. Hamilton at 71; see also Pyles at 731 (Nothing in Hamilton
requires a court of appeals to find the trial court committed reversible error solely because it did not make separate findings of fact).
 {¶ 21} Appellants challenge the trial court's finding that individual issues predominate over issues common to the class as the claims arise out of form contracts entered into between Appellants and Appellees. In response, Appellees argue the trial court's fact finding is correct as Appellants must establish in each individual case that Appellees are equitably estopped from raising the statute of limitations as a defense and variation in the underlying facts makes class treatment inappropriate. They further argue that even if common issues do predominate, the trial court correctly denied class certification because Appellants cannot meet the numerosity and adequacy of representation tests found in Civ.R. 23(A). As the trial court based its decision on its finding that the class did not meet the requirements of Civ.R. 23(B)(3), we will address that argument first. Only then shall we address whether or not the class meets the requirements of Civ.R. 23(A).
 {¶ 22} It is well-settled that the purpose of Civ.R. 23(B)(3) is to bring cases in which the efficiency and economy of common adjudication outweigh the interests of individual autonomy within the fold of maintainable class actions. Hamilton at 80. In order for common questions of law and fact to predominate over individual issues, it is not sufficient that common questions merely exist; rather, the common questions must represent a significant aspect of the case and they must be able to be resolved for all members of the class in a single adjudication. Schmidt v. Avco Corp. (1984), 15 Ohio St.3d 310, 313, 15 OBR 439, 473 N.E.2d 822.
 {¶ 23} "It is now well established that `a claim will meet the predominance requirement when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position.'" Cope v. Metropolitan Life Ins. Co. (1998), 82 Ohio St.3d 426,429, 696 N.E.2d 1001, quoting Lockwood Motors, Inc. v. Gen. Motors Corp.
(D.Minn. 1995), 162 F.R.D. 569, 580. "`Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws.'" Baughman at 489, quoting Amchem Prods., Inc. v.Windsor (1997), 521 U.S. 591, 625, 117 S.Ct. 2231, 138 L.Ed.2d 689. Whether a class action is the superior method of adjudication requires a comparative evaluation of other available procedures to determine if the judicial time and energy involved is justified. Schmidt at 313.
 {¶ 24} The Ohio Supreme Court had to apply Civ.R. 23(B)(3) in deciding whether, and to what extent, the trial court properly refused to certify a class action pursuant to Civ.R. 23 in Hamilton. There, plaintiffs claimed the mortgages they received from the defendant violated the federal Truth in Lending Act. Because they claimed the mortgages entered into by each of the plaintiffs violated that Act in the same way, the plaintiffs moved for class certification. As a part of its analysis, the Court addressed the applicability of Civ.R. 23(B)(3) and found the case "appears to present the classic case for treatment as a class action, and cases involving similar claims or similar circumstances are routinely certified as such." Id. at 80. It then went on to address the defendant's arguments that this was not "the classic case" for class treatment.
 {¶ 25} In its last argument supporting the trial court's denial of class certification, the defendant argued the trial court could not create a class consisting of members who must rely upon equitable tolling to overcome a statute of limitations. Id. at 84. The court found that although a statute of limitations may bar the claims of some plaintiffs from recovering, it does not compel a finding that individual issues predominate over common ones. "`[A]s long as there is a sufficient nucleus of common issues, differences in the application of a statute of limitations to individual class members will not preclude certification under Rule 23(b)(3).'" Id. at 84, quoting 5 Moore's Federal Practice (3 Ed. 1997) 23-210 to 23-211, Section 23.46[3].
 {¶ 26} "It is conceivable that a significant amount of time may be spent in this case litigating questions affecting only individual members of the classes. However, clockwatching is neither helpful nor desirable in determining the propriety of class certification. 7A [Charles Alan Wright, Arthur R. Miller Mary Kay Kane, Federal Practice and Procedure (2 Ed. 1986)] 527, Section 1778. A court should not `determine predominance by comparing the time that the common issues can be anticipated to consume in the litigation to the time that individual issues will require. Otherwise, only the most complex common questions could predominate since such issues tend to require more time to litigate than less complex issues.' 5 Moore's Federal Practice, at 23-207 to 23-208, Section 23.46[1].
 {¶ 27} "As one court has so astutely explained: `[A]rguably it is true that as a class action more time in toto will be spent in proof of individual damage claims in any of the class actions than will be spent in proof of conspiracy. * * * [However,] if there were to be but a single case for trial, the court would expect that the great bulk of the time of that trial would be consumed with proof or the attempted proof of the existence and effect of a conspiracy and that the fraudulent concealment and damage issues would be far less predominant in the sense of time consumed at the trial. Were there to be 500 separate suits, this same pattern undoubtedly would prevail as to each. It seems specious and begging the question to say that if these 500 law suits were brought into a class so that proof on the issues of conspiracy need be adduced only once and the result then becomes binding on all 500, * * * thereby the common issue of conspiracy no longer predominates because from a total time standpoint, cumulatively individual damage proof will take longer.'Minnesota v. U.S. Steel Corp. (D.Minn. 1968), 44 F.R.D. 559, 569." Id. at 85-86.
 {¶ 28} The Ohio Supreme Court's conclusion that it is not the time involved in resolving the individual or common issues, but rather is the importance of those issues to the ultimate resolution of the case, which determines whether individual issues predominate over issues common to the class has been echoed in the decisions of our sister appellate courts.
 {¶ 29} For instance, in Burns v. Prudential Securities, Inc.
(2001), 145 Ohio App.3d 424, 763 N.E.2d 234, the plaintiffs' claims arose out of the allegedly wrongful sale of securities. The Second District found that when "the general issue of proof of liability" is common, then individual issues, such as defenses like ratification, waiver, and estoppel do not predominate. Id. at 430-431. "Here, there is no question that a great deal of time will be spent determining the amount of liability, if any, for each client. However, the common issue is whether Prudential is liable to any of the clients for its actions. Additionally, the defenses raised by Prudential are based upon the same information sent to all of the clients." Id. at 431.
 {¶ 30} Thus, the court concluded that the trial court properly granted the plaintiff's motion to certify the class. See also Petty v.Wal-Mart Stores, Inc., 2nd Dist. No. 19067, 2002-Ohio-1211, (Denying class certification because "[w]ithout at least one issue that can be determined on a class-wide basis," class certification is inappropriate). These decisions are also supported by the Ohio Supreme Court's decisions in Cope and Baugham wherein the court found issues subject to common proof are proper subjects for class certification.
 {¶ 31} We do not mean to give the impression that the existence of a single common issue is, in and of itself, sufficient to meet the predominance test of Civ.R. 23(B)(3). For instance, if each individual member has unique issues that are not subverted to the common issues of all class members, then class certification is inappropriate. See Poolv. Insignia Residential Group, 1st Dist. No. C-010074, 2002-Ohio-192. However, as a general rule when the main issues, such as liability, are common to the class, they predominate over individual issues surrounding defenses to the plaintiffs' claims.
 {¶ 32} In this case, Appellants allege Appellees breached form contracts that were given to everyone in the class, fraudulently transferred assets in order to defeat Appellants' rights, and breached fiduciary duties when they breached those contracts and engaged in the fraudulent conveyance. These claims are all common to the class and would be subject to common forms of proof. The only individual issues Appellees have brought to the attention of either the trial court or this court are the ones surrounding the statute of limitations. Likewise, in its judgment entry, the trial court did not note any other individual issues. In addition, it appears at this stage of the litigation that there may be no other individual issues other than, possibly, damages. We find that, pursuant to Hamilton and Civ.R. 23(B)(3), common issues predominate over individual issues.
 {¶ 33} Of course, Civ.R. 23(B)(3) contains two parts. We must also determine whether class treatment is a superior method of adjudication in this case. Civ.R. 23(B)(3) outlines the four factors courts should look to when determining whether a class action is the superior method. Pyles
at 739.
 {¶ 34} Pursuant to Civ.R. 23(B)(3)(a), a court must consider the interest of members of the class in individually controlling the prosecution or defense of separate actions. Given the claims presented, breach of contract, breach of fiduciary duty, and fraudulent conveyance, there is no reason why the members of the class would have any particular interest in controlling the prosecution of separate actions. They are not, for instance, precluded from seeking damages as a class that they might otherwise have had available to them. See Pyles at 739. Class treatment would prevent the cases of the various members of the class from achieving inconsistent results. Burns at 431. Finally, "it is unlikely that any new suits will be filed given the relatively small individual recoveries and the massive duplication of time, effort, and expense that would be involved." Hamilton at 80. These facts all favor a class action as the superior method of adjudication.
 {¶ 35} The next factor Civ.R. 23(B)(3) requires a court to consider is the extent and nature of any litigation concerning the controversy already commenced by or against members of the class. Civ.R. 23(B)(3)(b). Here, there is other litigation involving members of the class against the Appellees. However, that litigation is also class action litigation, although the certification of those classes was based on different claims. "The presence of parallel, individual actions tends to weigh against class certification, while the lack of parallel lawsuits tends to weigh in favor of certification." (Citations omitted) (Emphasis added) Hamilton at 81. Further, as the Ohio Supreme Court demonstrated inCope, the existence of other litigation does not mitigate against class treatment when that other litigation is also class litigation. Id. at 437-438. Thus, this factor weighs in favor of class certification.
 {¶ 36} Third, a court must determine the desirability or undesirability of concentrating the litigation of the claims in the particular forum. Civ.R. 23(B)(3)(c). In this case, most of the members of the class appear to be residents of the State of Ohio. Accordingly, it would appear desirable to concentrate the litigation of these claims within the State of Ohio.
 {¶ 37} Finally, a court must take into account the difficulties likely to be encountered in the management of a class action. Civ.R. 23(B)(3)(d). The different defenses against the various members of the class may make the management of this class action more cumbersome. However, many of the issues surrounding these defenses, such as the possible equitable tolling of the statute of limitations are not truly individual issues as the underlying facts are the same for many members of the class. The existence of legitimate defenses to common claims does not necessarily render a class action unmanageable. Pyles at 740. Furthermore, the size of the class is, at the most less than three hundred people, not so numerous as to appear unmanageable. Hamilton at 80. Given the factors found in Civ.R. 23(B)(3), it appears as if a class action is the superior method of adjudicating the claims between Appellants and Appellees.
 {¶ 38} In summation, the trial court incorrectly focused on the amount of time it would take to determine the individual issues versus the common issues rather than determining whether the case is predominated by individual or common issues. A proper examination of the case reveals that the predominate issues, such as liability, are common to the class and the individual issues, such as possible equitable tolling of the statute of limitations, are secondary. Furthermore, the factors in Civ.R. 23(B)(3) all indicate that class treatment is the superior method of adjudicating Appellants' claims. Thus, the trial court should not have found these claims did not meet the Civ.R. 23(B)(3) requirement for class certification and Appellants' argument is meritorious.
 {¶ 39} As stated above, Appellees argue that even if the trial court should not have denied class certification based upon Civ.R. 23(B)(3), that its ultimate decision was correct because the plaintiffs cannot fairly and adequately represent the class, in violation of Civ.R. 23(A)(4), and that the class lacks the numerosity required by Civ.R. 23(A)(1). We will address each of these arguments in turn.
 {¶ 40} The Ohio Supreme Court has recognized that Civ.R. 23(A)(4)'s requirement of adequacy of representation is of crucial importance in terms of ensuring due process to members of the proposed class who will not have their individual day in court. Marks at 203. The requirement is generally divided into two components: 1) a consideration of the adequacy of the representative and 2) the adequacy of counsel. Id. "A representative is deemed adequate so long as his interest is not antagonistic to that of other class members." Id. "The representatives' counsel will be deemed adequate where the lawyers are `qualified, experienced and generally able to conduct the proposed litigation.'"Hansen v. Landaker (Dec. 7, 2000), 10th Dist. No. 99AP-1134, unreported, quoting 7A Charles Alan Wright, Arthur R. Miller Mary Kay Kane, Federal Practice and Procedure (2 Ed. 1986) 375, Section 1769.1; see alsoTerminal Supply Co. v. Farley (Jan. 11, 1991), 6th Dist. No. L-90-041 (Counsel representing the class must be competent and experienced regarding class actions and the underlying legal issues involved). In this case, Appellees do not focus their argument on the adequacy of the representatives of the class. Rather, they argue that counsel is inadequate to represent the class.
 {¶ 41} "The issue of whether counsel is competent to handle the action can be the most difficult in the Rule 23 analysis. The fact that an attorney has been admitted to practice does not end the judicial inquiry. An attorney should be experienced in handling litigation of the type involved in the case before class certification is allowed. Close scrutiny should be given to the attorney's qualifications to handle the matter with which he is entrusted. For example, a gifted intellectual property lawyer might not be qualified to handle an environmental case. It also follows that a personal injury attorney probably should not be entrusted with a complex antitrust case under the Valentine Act. Since crucial questions of due process are involved, the trial court should exercise great care in its determination of this element. Although this task may be most unpleasant, it is one of the most vital." Warner at 98.
 {¶ 42} A conflict of interest may also prevent counsel from adequately representing the class. See Hansen, supra, citing Healy v.Loeb Rhoades Co. (N.D.Ill. 1983), 99 F.R.D. 540; Kurczi v. EliLilly Co. (N.D.Ohio. 1995), 160 F.R.D. 667; Kuper v. QuantumChemical Corp. (S.D.Ohio 1992), 145 F.R.D. 80. However, courts rarely deny class certification because of any alleged unethical conduct by counsel; rather, they tend to employ corrective measures such as substitution of counsel. Farrenholtz v. Mad Crab, Inc. (Sept. 28, 2000), 8th Dist. No. 76456. The preferred method of resolution is to allow class certification even when counsel has a conflict of interest if that certification is conditioned on the resolution of that conflict. SeeHansen; Healy; Kurzci; Kuper.
 {¶ 43} In this case, Appellees' contend Appellants' counsel is inadequate because he has a conflict of interest due to his previous representation of plaintiffs in another action against Appellees and his alleged representation of co-defendants to the underlying suit not party to this appeal. As a basis for this contention, Appellees cite an affidavit filed on June 27, 2001, which represents that class action litigation against Appellees was begun in California on November 17, 1998, and that Appellants' counsel was counsel for the plaintiffs in that case. The California court subsequently disqualified counsel because of the conflict of interest created by counsel's simultaneous representation of the plaintiffs in that case and Appellants in this case. In addition, the California court noted Appellants' counsel allegedly represented a party who is currently a defendant to this action.
 {¶ 44} At this point in the litigation, counsel's alleged representation of a defendant to this lawsuit cannot serve as the basis for a finding that counsel is inadequate to represent the class. The only evidence on record is an affidavit filed by counsel denying that he ever represented those defendants. The California court's judgment entry merely states the allegation exists and that counsel denied the allegation in that court. Because no evidence of such a conflict exists, it would be improper to refuse certification based on this allegation. Furthermore, if at a later point in the litigation Appellees do prove counsel has a conflict of interest, the trial court could disqualify counsel from representing the class.
 {¶ 45} In addition, the fact that counsel represented another class in the California litigation should not prevent him from fairly and adequately representing the class in this case. The evidence clearly demonstrates Appellants' counsel is not counsel in the California litigation any longer. Indeed, he was disqualified in that litigation due to his involvement in the present action. Thus, at this time it does not appear that counsel would have a conflict due to his former involvement with the California litigation. Once again, if the situation changes in the future and Appellees can prove that counsel has a conflict, then counsel can be disqualified from representing the class. Thus, Appellees' argument that the trial court's decision was not an abuse of discretion because of the failure to meet the requirement of Civ.R. 23(A)(4) is meritless.
 {¶ 46} In their second argument supporting the trial court's decision, Appellees argue the purported class lacks the numerosity required by Civ.R. 23(A)(1). Although Civ.R. 23(A)(1) requires a class must be "so numerous that joinder of all members is impracticable", there is no specified numerical limit that must be satisfied in order to maintain a class action. See Warner at 97. The numerosity determination must be made on a case-by-case basis and may be based on the pleadings. Id. Even though the numerosity determination is a case-by-case determination, as a general rule, "`if the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity probably is lacking; if the class has between twenty-five and forty, there is no automatic rule * * *.'" Id, quoting Miller, An Overview of Federal Class Actions: Past, Present and Future (2 Ed. 1977), at 22.
 {¶ 47} In this case, the parties do not dispute that thirty-nine named plaintiffs remain in the case. In addition, Appellants allege that two hundred thirty people are members of the class in their complaint. Thus, if at least one person who is not a named plaintiff is a member of the class, then numerosity is satisfied per the general rule stated inWarner. Appellees' argument that the trial court's decision should be affirmed appears to be meritless.
 {¶ 48} In conclusion, although Appellants' first assignment of error is meritless, their second assignment of error has merit. The trial court abused its discretion when it denied class certification because it based its decision upon the individual issues involved in deciding whether the statute of limitations is equitably tolled. The Ohio Supreme Court has held that this reason alone is not sufficient to deny class certification. There appears to be no other reason to support the trial court's judgment. Accordingly, the trial court's decision is reversed and remanded for further proceedings.
Donofrio, J., concurs.
Waite, J., concurs.