OPINION
{¶ 1} Plaintiff-appellant, Christopher Knoop, appeals a decision of the Clermont County Court of Common Pleas denying certification of a class action. The action was brought by appellant on behalf of himself and other putative patients similarly situated, against defendant-appellee, Orthopaedic Consultants of Cincinnati, Inc. dba Wellington Orthopaedic and Sports Medicine and Therapy Services ("Wellington"), to challenge Wellington's billing practices.
 {¶ 2} Wellington provides orthopedic therapy and related medical services to its *Page 2 
patients in nine offices located throughout Southwestern Ohio. Some of Wellington's therapy patients do not have insurance plans that cover therapy. These patients are referred to as "Self-Pay Patients." When a Self-Pay Patient comes to one of Wellington's offices, that patient receives a form ("Self-Pay Document") that contains the following provision:
 {¶ 3} "When is payment expected?
 {¶ 4} "A minimum payment of $100.00 is expected for your first visit. Each follow up visit is $50 per treatment session. Payment is due at the time you receive services. The remaining balance will be billed to you in 5 equal monthly installments beginning one month after services are rendered. Your payment is expected within 15 days from the date that you receive your monthly bill."
 {¶ 5} On May 25, 2005, appellant visited Wellington's Eastgate office for rotator cuff therapy. As a Self-Pay Patient, appellant received a form that included the provision quoted above. Appellant signed the form and returned it to a Wellington employee. Appellant received therapy that day and on five other visits. Subsequently, appellant received a billing statement showing that Wellington charged him $154 for the first visit and $126 for each subsequent visit. Subsequent invoices all charged more than $50 per therapy session. Appellant questioned the charges but was told by a Wellington employee that Wellington charged everyone in the same manner and that the form appellant had signed permitted such charges.
 {¶ 6} In September 2005, appellant filed a complaint against Wellington alleging breach of contract, misrepresentation, promissory estoppel, and a violation of the Deceptive Trade Practices Act (R.C. Chapter 4165). At the time he filed the complaint, appellant estimated he had been overcharged by $392. Wellington moved to dismiss the complaint under Civ.R. 12(B)(6). The trial court dismissed appellant's breach of contract claim but denied Wellington's Civ.R. 12(B)(6) motion with regard to appellant's three other claims. On *Page 3 
April 5, 2006, appellant moved for class certification under Civ.R. 23(A) and (B)(3). The proposed class included all of Wellington's Self-Pay Patients who had signed documents substantially similar to the form signed by appellant on his first visit.
 {¶ 7} On July 6, 2006, the trial court denied class certification. The trial court found that while all of the requirements of Civ.R. 23(A) had been met, the predominance and superiority requirements of Civ.R. 23(B)(3) had not. Specifically, the trial court found that the predominance requirement was not met with regard to appellant's misrepresentation and promissory estoppel claims because although each putative class member received and signed the form, individual testimony would be necessary to show that each class member interpreted the document as a promise that subsequent therapy visits would cost no more than $50, and that they actually relied to their detriment on this promise. In making this finding, the trial court discussed the Ohio Supreme Court's decision in Hamilton v. Ohio Sav. Bank,82 Ohio St.3d 67, 1998-Ohio-365, but distinguished it from the present case on the ground that "[u]nlike in Hamilton, the present case does not involve a clear misstatement." With regard to appellant's claim of deceptive trade practice, the trial court found that the superiority requirement was not met.
 {¶ 8} Appellant appeals, raising one assignment of error:
 {¶ 9} "THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION."
 {¶ 10} A trial court has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed on appeal absent a showing of an abuse of discretion.Hamilton, 82 Ohio St.3d at 70. An abuse of discretion is more than a mere error of law or judgment; rather, it requires a finding that the trial court's decision is unreasonable, arbitrary, or unconscionable.Wilson v. Brush Wellman, Inc., 103 Ohio St.3d 538, 2004-Ohio-5847, ¶ 30. In addition, "due deference must be given to the trial court's *Page 4 
decision. * * * A finding of abuse of discretion, particularly if the trial court has refused to certify, should be made cautiously."Marks v. C.P. Chem. Co., Inc. (1987), 31 Ohio St.3d 200, 201.
 {¶ 11} In order to maintain a class action, the requirements of Civ.R. 23(A) and (B) must be met; the failure to satisfy any one of the requirements will result in the denial of certification. See Simpson v.The Prudential Ins. Co. of America (Aug. 8, 1994), Butler App. No. CA93-09-173, citing Schmidt v. Avco Corp. (1984), 15 Ohio St.3d 310. With regard to Civ.R. 23(B), it must be shown that the action comes within the purview of at least one of three types of class actions described in Civ.R. 23(B). Id. In the case at bar, the requirements of Civ.R. 23(A) were met. The focus in this case has been on Civ.R. 23(B)(3). This provision provides that an action may be maintained as a class action if, in addition to the requirements of Civ.R. 23(A), two requirements are met: (1) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.
 {¶ 12} In his assignment of error, appellant first argues that the trial court abused its discretion when it found that the predominance requirement of Civ.R. 23(B)(3) was not met with regard to the misrepresentation and promissory estoppel claims. Under this sub-issue, appellant contends that the trial court abused its discretion when it added a "clear misstatement" requirement to the supreme court's decision in Hamilton. Appellant further asserts that following recent decisions from the supreme court, misrepresentations to an entire class via standardized forms eliminate the need for each class member to prove reliance. Appellant also argues that the trial court abused its discretion when it found that the superiority requirement of Civ.R. 23(B)(3) was not met with regard to the deceptive trade practice claim. *Page 5 
 {¶ 13} I.APPLICATION OF THE PREDOMINANCE REQUIREMENT UNDER CIV.R. 23(B)(3)
 {¶ 14} In determining whether common questions of law or fact predominate over individual issues, "it is not sufficient that common questions merely exist; rather, the common questions must represent a significant aspect of the case and they must be able to be resolved for all members of the class in a single adjudication." In re Consol. Mtge.Satisfaction Cases, 97 Ohio St.3d 465, 2002-Ohio-6720, ¶ 8.
 {¶ 15} In Hamilton, mortgagors brought an action on behalf of themselves and others similarly situated, to challenge certain methods used by the Ohio Savings Bank to amortize their residential mortgage loans. Specifically, the mortgagors argued that in calculating interest, the bank used a method which charged the mortgagors interest at rates that were in excess of their agreed contract rates of interest. The trial court summarily denied class certification. The court of appeals held that the trial court had properly denied certification under Civ.R. 23(B)(3) because "when the borrowers discovered or should have discovered the amortization problem in their loans [for purposes of the statute of limitations], necessarily involves an independent inquiry for each potential member of the [class]."
 {¶ 16} The supreme court reversed the trial court's denial of class certification, and allowed the action to proceed on the mortgagors' claims for fraud, waiver and estoppel, and unjust enrichment. In so doing, the supreme court explained that:
 {¶ 17} "In this case, the questions of law and fact which have already been shown to be common to [the class] arise from identical or similar form contracts. The gravamen of every complaint within [the class] is the same and relates to the use of standardized procedures and practices. No individual has attempted to institute a parallel action or to intervene in this action, and it is unlikely that any new suits will be filed given the relatively small individual recoveries and the massive duplication of time, effort, and expense that would *Page 6 
be involved. * * * This appears to present the classic case for treatment as a class action, and cases involving similar claims or similar circumstances are routinely certified as such." Hamilton,82 Ohio St.3d at 80.
 {¶ 18} The supreme court then proceeded to address the bank's arguments that the predominance requirement of Civ.R. 23(B)(3) was not met. In particular, relying on the supreme court's earlier decision inSchmidt, 15 Ohio St.3d 310, the bank argued that class certification was properly denied when elements of inducement and reliance must be proven on an individual basis; thus, class certification was properly denied for the claims for fraud, waiver and estoppel, and unjust enrichment. InSchmidt, former employees argued they were entitled to compensation from their former employer pursuant to a written separation pay policy. In affirming the denial of certification, the supreme court agreed with the court of appeals that "[i]f this claim is viewed as raising the doctrine of promissory estoppel, * * * then the circumstances of each individual employee would need to be analyzed and the elements of inducement and reliance would have to be proven with respect to each individual member of the proposed class." Schmidt at 314.
 {¶ 19} In Hamilton, however, the supreme court rejected the bank's reliance on Schmidt as follows:
 {¶ 20} "However, Schmidt did not purport to establish a rule that any claim containing a necessary element of reliance is ipso facto excluded from class action treatment. The drafters of Civ.R. 23 could easily have expressed such an exclusion had that been their intent. Instead, the elements of inducement and reliance defeated class certification inSchmidt `because the claims raised involve[d] noncommon issues that are either inextricably entangled with common issues or are too unwieldy to be handled adequately on a class action basis.'
{¶ ?21} "As explained in the 1966 Advisory Committee Notes to Fed.R.Civ.P. 23(b)(3): *Page 7 
`[A] fraud perpetrated on numerous persons by the use of similarmisrepresentations may be an appealing situation for class actions. * * * On the other hand, although having some common core, a fraud case may be unsuited for treatment as a class action if there was materialvariation in the representation made or in the kinds or degrees ofreliance by the persons to whom they were addressed.'
 {¶ 22} "Thus, class action treatment is appropriate where the claims arise from standardized forms or routinized procedures, notwithstanding the need to prove reliance. Moreover, the situation here is markedly different from that in Schmidt. Unlike in Schmidt, proof of reliance will not require separate examination of each prospective class member. Instead, proof of reliance in this case may be sufficiently established by inference or presumption." Hamilton, 82 Ohio St.3d at 83-84 (emphasis sic and citations omitted).
 {¶ 23} Following Hamilton, the Ohio Supreme Court again addressed the predominance requirement of Civ.R. 23(B)(3) with regard to proving elements of inducement and reliance. In Cope v. Metro. Life Ins.Co., 82 Ohio St.3d 426, 1998-Ohio-405, the plaintiffs sought certification of a class of life insurance policyholders who were sold replacement insurance as new insurance by MetLife and who did not receive the statutorily mandated disclosure warnings. The crux of the plaintiffs' complaint was that MetLife engaged in a scheme to earn higher commissions by intentionally omitting to disclose the statutorily mandated warnings when issuing replacement insurance. The trial court found that the predominance requirement under Civ.R. 23(B)(3) was not met because "an individual determination as to what the plaintiffs were told by their respective agents will be crucial in determining liability." The court of appeals affirmed the trial court's denial of certification, finding that individualized proof or scrutiny of each transaction would be necessary to determine each claim.
 {¶ 24} Relying on its decision in Hamilton, the supreme court reversed the trial court's *Page 8 
denial of certification:
 {¶ 25} "It is now well established that `a claim will meet the predominance requirement where there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individualized position.' * * * Courts generally find that the existence of common misrepresentations obviates the need to elicit individual testimony as to each element of a fraud or misrepresentation claim, especially where written misrepresentations or omissions are involved. * * * Courts also generally find that a wide variety of claims may be established by common proof in cases involving similar form documents or the use of standardized procedures and practices." Cope,82 Ohio St.3d at 429-430.
 {¶ 26} As it had done in Hamilton, the supreme court rejected the defendant's argument, based upon Schmidt, that elements of reliance required individual proof. Id. at 434-436 (plaintiffs' claims present the classic case for treatment as a class action because they are based on written documents that uniformly indicate the omission of standard disclosure warnings).
 {¶ 27} As the foregoing supreme court decisions indicate, allegations of misrepresentations used in standardized forms or routinized procedures may well be the basis for class treatment, notwithstanding the need for each class member to prove elements of inducement and reliance. That is, simply because a claim contains an element of reliance and evidence as to each transaction would have to be gathered does not preclude a finding that common questions predominate, nor does it preclude class certification.
 {¶ 28} By the same token, however, we find that based upon the language used by the supreme court in its decisions, these decisions do not purport to establish a rule that class certification is ipso facto required for any claim containing a necessary element of reliance. SeeHamilton, 82 Ohio St.3d at 83-84 (although having some common core, a fraud case may *Page 9 
be unsuited for treatment as a class action if there was materialvariation in the representation made or in the kinds or degrees ofreliance by the persons to whom they were addressed[;] * * * Class action treatment is appropriate where the claims arise from standardized forms or routinized procedures, notwithstanding the need to prove reliance);Cope, 82 Ohio St.3d at 430, 436 (courts also generally find that a wide variety of claims may be established by common proof in cases involving similar form documents or the use of standardized procedures and practices[;] * * * [C]ases involving common omissions across the entire class are generally certified as class actions, notwithstanding the need for each class member to prove [inducement and reliance]). (Emphasis added).
 {¶ 29} Applying the foregoing standards to the case at bar, we find that the trial court did not abuse its discretion in denying class certification with regard to appellant's misrepresentation and promissory estoppel claims.
 {¶ 30} With regard to the trial court's "clear misstatement" language, we note that a court cannot consider the merits of a case when deciding whether a class should be certified, except for the limited purpose of determining whether the Civ.R. 23 requirements have been met. SeeOjalvo v. Bd. of Trustees of Ohio State Univ. (1984), 12 Ohio St.3d 230,233. Although the trial court found that "[u]nlike in Hamilton, the present case does not involve a clear misstatement[,]" the trial court did not solely rely on this finding when it overruled the motion for class certification. Thus, we assume the trial court did not improperly assume that appellant's claims for misrepresentation and promissory estoppel were meritless and deny the motion on that basis. SeeEstate of Reed v. Hadley, 163 Ohio App.3d 464, 2005-Ohio-5016. Rather, the trial court denied class certification on the ground that the predominance requirement was not met because:
 {¶ 31} "Although each class member received and signed the same Self-Pay Document, individual testimony would be necessary to establish that each class member *Page 10 
interpreted the document as a promise that subsequent therapy visits would cost no more than $50. The class members who did interpret the document in this way would then be required to present testimony that he or she detrimentally relied on this promise. The Hamilton court also noted that `although having some common core, a fraud case may be unsuited for treatment as a class action if there was material variation in the representation made or in the kinds or degrees of reliance by the persons to whom they were addressed.' The present case is one in which there may be a vast difference in the kinds or degrees of reliance each class member may have had on the alleged misstatement. That a Self-Pay Patient received and presumably read the Self-Pay Document does not lead to the conclusion that the patient interpreted the terms of the document in a certain way or that the patient detrimentally relied upon that interpretation in deciding to receive treatment. Under these circumstances, Civ.R. 23(B)(3) is not satisfied because questions affecting only individual members would predominate over questions of law or fact common to the class members.
 {¶ 32} "* * * As with the misrepresentation claim, proof of promissory estoppel would require individual class members to testify that they interpreted the Self-Pay Document to present a promise that subsequent therapy visits would cost no more than $50 and that they actually relied to their detriment on this promise. Again, that the patients read the document and decided to receive the treatment does not necessitate a finding of detrimental reliance on their part. Such reliance would have to be shown on an individual basis and thus cannot be commonly determined. Accordingly, Civ.R. 23(B)(3) is not satisfied as to this claim."
 {¶ 33} Although this case involves the use of form documents and standardized billing practices common to the putative class, the facts of this case also reveal questions of law and fact (as identified by the trial court) affecting only individual members and requiring examination for different members within the proposed class. Given the trial court's predominance analysis and its reasoned conclusion that individual questions outweigh *Page 11 
questions common to the class, we cannot hold that the trial court abused its discretion in denying class certification. SeeWilson, 103 Ohio St.3d 538, 2004-Ohio-5847. The record before us is free of any indication that the trial court adopted an unreasonable, arbitrary, or unconscionable attitude in denying class certification. We therefore uphold the trial court's denial of class certification with regard to appellant's misrepresentation and promissory estoppel claims.
 {¶ 34} II.APPLICATION OF THE SUPERIORITY REQUIREMENT UNDER CIV.R. 23(B)(3)
 {¶ 35} Appellant argues that the trial court abused its discretion when it denied class certification for the deceptive trade practice claim. Specifically, appellant argues that it was an abuse of discretion for the trial court to find that the superiority requirement was not met based upon the trial court's rationale rather than any of the factors listed in Civ.R. 23(B)(3).[1]
 {¶ 36} The trial court found that although the deceptive trade practice claim met the predominance requirement under Civ.R. 23(B)(3), it did not meet the superiority requirement. The trial court acknowledged that even though the misrepresentation and promissory estoppel claims were not appropriate for class treatment, "certifying a class for resolution of the deceptive trade practices claim may be appropriate under Civ.R. 24(C)(4)(a). Subdivision (C)(4)(a) authorizes the court to allow a class action to be maintained with respect to particular issues. * * * A `material advancement toward disposition of the litigation as a whole would be an advantage that would weigh heavily toward finding that a class action would be a superior method of resolving the matter.'" *Page 12 
 {¶ 37} The trial court found, however, that while class certification under the claim "would dispose of a potential claim against Wellington, * * * it would not materially advance disposition of the litigation as a whole [because it] would have no impact on the misrepresentation claim or the promissory estoppel claim. Class members would still have to sue separately under those causes of action and trial of those matters would require production of much of the same evidence as for the deceptive trade practices claim. Thus, certifying a class for the deceptive trade practices claim would thwart judicial economy. Since a class action is not superior to other available methods for the fair and efficient adjudication of the present controversy, the requirements of Civ.R. 23(B)(3) are not met."
 {¶ 38} Whether or not a class action is the superior method of adjudication typically requires a comparative evaluation of other available procedures to determine if the judicial time and energy involved would be justified. Marks, 31 Ohio St.3d at 204. Pursuant to Civ.R. 23(C)(4), a trial court can allow an action to be brought or maintained as a class action with respect to particular issues. That is, a trial court may grant class certification on particular issues while denying certification on other issues. See Gottlieb v. SouthEuclid, 157 Ohio App.3d 250, 2004-Ohio-2705. "Civ.R. 23(C)(4) was designed to give trial courts maximum flexibility in handling class actions. * * * Thus, the advantages and economies of adjudicating issues that are common to the entire class on a representative basis can be secured even though other issues may have to be litigated separately by individual class members." Marks at 205. The applicable legal standard is "that the issues covered by the request be such that their resolution (as a class matter) will materially advance a disposition of the litigation as a whole." Id., quoting In re Tetracycline Cases
(W.D.Mo.1985), 107 F.R.D. 719, 727. The determination of whether or not to certify particular issues pursuant to Civ.R. 23(C)(4) is still discretionary with the court. Marks at 205.
 {¶ 39} Applying the foregoing standards to the case at bar, we cannot hold that the trial *Page 13 
court abused its discretion in denying class certification for the deceptive trade practice claim. In light of the fact that class certification is not appropriate for the misrepresentation and promissory estoppel claims, we cannot say that the trial court abused its discretion in finding that certification for the deceptive trade practice claim would not materially advance disposition of the litigation as a whole, thus the superiority requirement was not met. SeeMarks. The record before us is free of any indication that the trial court adopted an unreasonable, arbitrary, or unconscionable attitude. We therefore uphold the trial court's denial of class certification with regard to appellant's deceptive trade practice claim.
 {¶ 40} Appellant's assignment of error is overruled.
 {¶ 41} Judgment affirmed.
BRESSLER and WALSH, JJ., concur.
[1] Civ.R. 23(B)(3) provides in relevant part that "[t]he matters pertinent to the [predominance and superiority] findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action." *Page 1